UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JERMAINE NELSON,

                         Plaintiff,

          -against-

Police Officer FRANCIS COLLADO, Shield No. 11665; Police Officer RONALD SANCHEZ, Shield No. 22769; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.
------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Jermaine Nelson ("plaintiff" or "Mr. Nelson") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Francis Collado, Shield No. 11665 ("Collado"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Collado is sued in her individual and official capacities.

8. Defendant Police Officer Ronald Sanchez, Shield No. 22769 ("Sanchez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Sanchez is sued in his individual and official capacities

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 5:45 p.m. on November 1, 2011, plaintiff was lawfully in the vicinity of 358 Lincoln Road in Brooklyn, New York.

13. Mr. Nelson was waiting for a friend outside of her apartment building located at the abovementioned address when defendants, in plain-clothes, approached him, failed to identify themselves as officers, and demanded plaintiff's identification.

14. Mr. Nelson asked defendants who they were, to which they responded, in sum, "shut the fuck up."

15. Fearful, plaintiff provided his identification.

16. Defendants searched plaintiff in the street at the abovementioned location, causing his pants to fall below his waist.

17. No contraband was recovered from plaintiff.

18. Defendants handcuffed plaintiff without probable cause or reasonable suspicion to believe he had committed any crime or offense and took him to an unmarked vehicle, notwithstanding that his pants were down below his waist as a result of their search.

19. Plaintiff asked if he could pull his pants up, or if defendants would do so as his hands were cuffed, however, they would not allow it.

20. As a result, Mr. Nelson suffered the indignity of being taken to defendants' vehicle, approximately a block away, with his pants falling down, while

handcuffed, as people were watching.

21. Plaintiff was eventually taken to the 71st precinct.

22. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in criminal possession of a controlled substance, preparing documents and paperwork to this effect including an arrest report.

23. At no point did the officers observe plaintiff in possession of a controlled substance.

24. Plaintiff was eventually taken to Brooklyn Central Booking.

25. Mr. Nelson was arraigned in Kings County Criminal Court, where he was released on his own recognizance.

26. After approximately thirty-six hours in custody, plaintiff was released.

27. After making approximately seven court appearances, all charges against Mr. Nelson were dismissed approximately nine months after his arrest.

28. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

4

30. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

37. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

38. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including mental and emotional injury, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The individual defendants created false evidence against plaintiff.

41. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

42. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **FIFTH CLAIM**
### Failure To Intervene

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

46. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   November 19, 2012
         New York, New York

                                HARVIS WRIGHT
                                SALEEM & FETT LLP

                                _____
                                Baree N. Fett
                                305 Broadway, 14th Floor
                                New York, New York 10007
                                (212) 323-6880
                                gharvis@hwsflaw.com

                                *Attorney for plaintiff*